| **NAME:** | |
|---|---|
| FRANKIE T. CAMACHO #80354-011 | |

**ADDRESS:**
U.S. Penitentiary
P.O. box 150160
Atlanta, GA    30315 (USA)

or PLACE OF CONFINEMENT & PRISON NUMBER

*Note:*  If represented by an attorney, his name, address & telephone number

*Note:*  It is your responsibility to notify the Clerk of the Court, in writing of any change of address

**FILED**
DISTRICT COURT OF GUAM
MAR 1-9 2005
MARY L.M. MORAN
CLERK OF COURT



# *United States District Court*

### DISTRICT COURT OF GUAM TERRITORY

---

FRANKIE F. CAMACHO,

**FULL NAME:** (Include name under which you were convicted)

*Petitioner,*

*vs.*

GUAM TERRITORY; DIRECTOR, Guam Dept. of Corr.; MIKE QUINATA, Chief Parole Commissioner, WARDEN, USP Atlanta,

NAME OF WARDEN(or other authorized person having custody of petitioner)

*Respondent.*

CASE NO: **05-00009**

(To be supplied by the clerk of the United States District Court)

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY 28 U.S.C. § 2241**

## INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by the petitioner, under penalty of perjury.  You must set-forth *CONCISELY* the answer to each question in the proper space on the form.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this except that *ONE* separate additional page is permitted in answering Question No. 9.

# PETITION

1.    Place of confinement    U.S. PENITENTIARY, ATLANTA, GEORGIA 30315

2.    Name and location of court which imposed sentence   Superior Court of Guam Territory.

3.    The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:

    **(a)**   Criminal No. 31F-84

    **(b)**

    **(c)**

4.    The date upon which sentence was imposed and the terms of the sentence:

    **(a)**   2/20/85   (J&C Attached)   Attach. H

    **(b)**

    **(c)**

5.    Check whether a finding of guilt was made:

    **(a)**    ☒ After a plea of guilty

    **(b)**    ☐ After a plea of not guilty

    **(c)**    ☐ After a plea of nolo contendere

6.    If you were found guilty after a plea of not guilty, check whether that finding was made by:

    **(a)**    ☐ a jury     n/a

    **(b)**    ☐ a judge without jury

7.    Did you appeal from the judgment of conviction or the imposition of sentence?

    ☒ Yes      ☐ No

8.    If you did appeal, give the following information for each appeal:

    **(a)(1)** Name of Court    Guam Court of Appeals

      **(2)** Result   Affirmed

      **(3)** Date of Result   Unknown

      **(4)** Citation or number of opinion    Unknown

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY**

(5) Grounds Raised *(list each)* _____

    (A)   Plea unconstitutional.

    (B)   Sentence in violation of Law.

    (C) _____

    (D) _____

(b)(1) Name of Court   Guam Superior Court

  (2) Result   Pending Case #SP-0218-03

  (3) Date of result   Pending

  (4) Citation or number opinion   N/A

  (5) Grounds raised (list each)

    (A) denial due Process

    (B) Ineffective Assistance of Counsel

    (C) Plea not knowingly and intelligently entered.

    (D) Ineffective appellate counsel.

CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

9. State *CONCISELY* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, attach a SINGLE page only behind this page.

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional ground at a later date.

  (a)   Ground One   Petitioner being denied Parole eligibility hearing in violation of Guam Constitution, Guam Laws, and U.S. Constitution.

Supporting *FACTS* (tell your story *BRIEFLY* without citing cases or law).

CAUTION: You must state *facts not conclusions* in support of your grounds. A rule of thumb to follow is - who did exactly what to violate your rights at what time or place.

  See attached pages.

_____

_____

_____

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

**(b)    Ground Two** Petitioner's transfer to USA and continued confinement in USA violates the laws of Guam, Guam Constitution and US Constitution.

Supporting *FACTS* (Tell your story *BRIEFLY* without citing cases or law).

See attached pages.

**(c)    Ground Three** Petitioner is being denied access to the courts in violation of Guam Constitution and US Constitution.

Supporting *FACTS* (Tell your story *BRIEFLY* without citing cases or law).

See attached pages.

**(d)    Ground Four**

Supporting *FACTS* (Tell your story *BRIEFLY* without citing cases or law).

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

Attached Sheet A

Supporting Facts/Law  Ground One: 1/

    Petitioner is a Guam prisonerwho was transferred to U.S.
prison system (BOP) in 1987 pusuant to 18 U.S.C. §5003.  Since
that time petitioner has been and continues to remain in BOP
custody serving his Guam sentence of thirty (30) years.  (Guam
Superior Court Case No. SP-0218-03).

    Petitioner comes before this Court complaining that, among
other things, he has been (and continues to be) denied his
Constitutional Right of parole eligibility.  Petitioner has
been in prison without a parole hearing for inexcess of 22
years.  When petitioner was sentenced the Guam Superior Court
mandated a 5 year minimum parole eligibilty date.  (See: J & C
Exhibit H attached).  The BOP established a parole eligibilty
date for petitioner at January 2004 (See: Exhibit I attached).
Guam officials have not acted on petitioner's parole eligibilty
nor has petitioner been seen by the Guam Parole Commission in
spite of 13 month passage of time since parole eligibity date.

    The petitioner and his family have been trying for years
to get prison officials and Guam officials (namely Mr. Mike
Quinata and Gil Quiwata) to act on his parole eligibiltiy,

_____

1/
        Petitioner has exhausted all available administrative
    remedies assocated with this claim and other presented by
    this petition.  (See: Exhibits A thru G attached).

however, the petitioner has not been granted a parole considerat
ation hearing as of this date.

The respondents failure to grant petitioner parole eligiblity
violates the Guam and U.S. Constitutions Due Process of Law
rights. Morrissey v. Brewer, 408 U.S. 471 (1972); Greenholtz
v. Inmates of Neb. Penal Comp., 442 U.S. 1 (1979); Gagnun v.
v. Scarpelli, 411 U.S. 778 (1973); Fifth and Fourteenth Amend-
ments, U.S. Constitution.[2]/


Supporting Facts/Law   Ground Two:

Petitioner has been in United States custody for over 15
years. When petitioner was initially transferred to U.S. custody
the understanding was that petitioner would be able to transfer
back to his home country at a later date. Moreover, petitioner
was with the understanding that he would have a timely parole
hearing and be released from custody according to Guam parole
criteria in effect at the time of petitioner's sentence.

When petitioner brings-up the issue of transferring back to
his home country prison officials inform him that there is "no
way" for petitioner to be returned. On top of this bald assert-
tion of authority by federal prison officials the petitioner is
being denied access to any Guam law or other authority to find

---

[2]/ Petitioner brought this claim under §2241 to the U.S. District
Court in ND Georgia Case No. 1:04-CV-0521-CC which was dismissed
because the Court held proper jurisdiction lies in Guam Superior
or Guam Federal Court. (See: Court Order Exhibit J. attached).

out what his rights are or challenge prison officials position.

Petitioner contends that he was mislead as to the conditions of transfer and his present custody in U.S. authorities is a violation of treaty agreement and federal laws. Had petitioner been in Guam there is a real probability that petitioner (with access toGuam officials and Guam law) would have been released on parole long ago.

Officials mislead petitioner and misrepresented facts and law related to transfer of prisoners from Guam to the U.S. The Respondents should be ordered to articulate the precise conditions under which petitioner was transferred and offer facts and law justifying that transfer and petitioner's continued presence in BOP.

## Supporting Facts/Law   Ground Three:

The petitioner is being denied access to Guam law books at his present pace of confinement (U.S. Penitentiary, Altanta, GA). Prison officials have advised petitioner that he is not entitled to nor has any right to access Guam law.  (See: Responses to Grievances Exhibits A-G).

As a result of not having Guam law books the petitioner is being denied access to the courts which has resulted in petitioner inability to effectively litigate challlenges to (1) his illegal transfer to U.S.A.; (2) his denial of parole (3)

his challenge of criminal conviction and sentence and (4) pro-
secute his Constitutional Rights in the courts.  Petitioner has
had his legal cases dismissed or not heard as a proximate
result of his not having access to Guam law.  Lehn v. Holmes,
364 F.3d 862 (7th Cir. 2004).

10. Have you ever filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction? ☒ Yes ☐ No

11. If your answer to Question No. 10 was yes, give the following information:

(a)(1) Name of Court U.S. District Court, Northern District of Georgia

(2) Nature of proceedings Habeas Corpus 28 USC §2241

(3) Grounds raised 1. denial parole eligibility

2. Illegal transfer and detention in USA

3. denial access to the courts (law books).

(4) Result Dismissed (Order attached)

(5) Date of Result July 15, 2004

(6) Citation or numbers of any written opinions or orders entered pursuant to each disposition.
Civil Case # 1:Q4-CV-0521-CC

(b)(1) Name of Court

(2) Nature of proceedings

(3) Grounds raised

(4) Result

(5) Date of Result

(6) Citation or numbers of any written opinions or orders entered pursuant to each disposition.

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.

Petitioner is challenging the execution of sentence not the conviction so §2241 is only vehicle available.

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY**

13. Are you presently represented by counsel? ☐ Yes  ☒ No   Fellow inmates helping

If so, name, address and telephone number _____

Case name and court _____

14. If you are seeking leave to proceed in *forma pauperis*, have you completed the declaration setting forth the required information?

Filing fee paid in full with filing.

☐ Yes     ☒ No,

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

/s/ XXXXXXXXXXXXXXXXXXXXXXXXX
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___*Feb 15, 2005*___
*(date)*

/s/ *Flin T. Carrol*
*Signature of Petitioner*

# ADMINISTRATIVE REMEDY INFORMAL RESOLUTION FORM

**INSTRUCTIONS:** When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form.

Inmate Name: Frankie T. Carvalho   Reg. No. 80354-011

Form Requested by inmate: 07-29-2003   Date   [signature] Staff Signature

Form Provided to inmate: 07-29-2003   [signature] J. Munoz

Inmate's complaint: Inmate is a Guam prisoner convicted and sentenced under the criminal law of the Territory of Guam. The United States took custody of Inmate; however, the laws of Guam control Inmates' criminal commitment and parole eligibility. Inmate has been attempting to get access (OVER)

Action taken to informally resolve complaint: The country of Guam will have to request the Bureau to send you back. You can write to Guam to make this report. The issues were discussed in your last program review.

Staff Name and Title (Printed):

INFORMAL RESOLUTION REJECTED BY:

Inmate's Signature: [signature]   Date: 8-4-03

Inmate's Name (Printed): Frankie T. Carvalho   Date:

INFORMAL RESOLUTION ACCEPTED BY:

Inmate's Signature:   Date:

Inmate Name (Printed):   Date:

Staff's Signature:   Date

Staff Name and Title (Printed):

Staff Signature: [signature] O. Munoz

Date BP-9 Provided to Inmate: [signature] August 08, 2003

---

to Guam law related to parole and post-conviction, however, the law library at USPA does not contain any Guam law applicable to Inmates' situation. The Guam law that is in USPA library is outdated and insufficient.

Inmate has been writing letters to Guam officials' for over two years trying to get information about parole criteria, eligibility and more. Inmate was sentenced to 30 years under the old law and will have served twenty years next year. Surely the Inmate is not expected to serve the entire 30 years.

Inmate wants relief in the form of:

1. Contemporary Guam law;
2. Guam parole guidlines/criteria;
3. Specific information from Guam officials, as to my release on parole;
4. Information on being transferred back to Guam if the Federal BOP can not provide me rights guaranteed under Guam law.

Respectfully,

[signature] Frankie T. Carvalho

July 30, 2003

A

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Camacho, Frank**    **80354-011**    **D-1**    **USPATL**
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A– INMATE REQUEST**

The response to informal resolution is not satisfactory. I have been "writing to Guam" for over two years without reply. The addresses to many Guam officials' in law library are worthless as out-dated. The BOP has custody of me and I have a right to know about my parole and custody status. I should have long ago been paroled. I request that BOP officials' contact Guam officals' and inform the latter that I want to go home, be released on parole or atleast given information as to my parole eligibility and how I can work towards that goal now. The Guam law in USPA law library is out-dated and does not provide me with the law and information I must have.

I will be filing a habeas corpus under §2241 after exhausting administrative remedies.

August 6, 2003
　　DATE

*Frankie T. Camacho*
　　SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____    _____
　　DATE　　　　　　　　　　　　　WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

　　　　　　　　　　　　　　　　　CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

## PART B-RESPONSE TO ADMINISTRATION REMEDY NO. 308056-F1

Inmate Name: Camacho, Frankie                    Reg. No. 80354-011

This is in response to your Administrative Remedy receipted August 18, 2003, wherein you allege Guam law materials need to be updated in the Law Library and the available materials do not provide viable information on Guam law.

Program Statement 1315.007, Legal Activities states, "Each Warden must establish a main law library containing the materials listed in the Required Main Law Library Materials, Attachment A, unless an item is out of print."

An investigation of this matter revealed in June 2003 an inventory was conducted of all required books for the law library, and all missing books were replaced. In addition, after reviewing the Required Main Law Library Materials list, no law materials from Guam are required to be in the Law Library.

Therefore, your Request for Administrative Remedy is denied. If dissatisfied with this response, you may submit an appeal on the appropriate form (Regional Administrative Remedy Appeal/BP-10) within 20 calendar days of the date of this response to the Southeast Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia, 30331-6226.

AUG 2 6 2003

_____                    _____
R. Wiley, Warden                           Date

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Camacho, Frankie__ __80354-011__ __D-1__ __U.S.P., Atlant__
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**

Contrary to the Warden's response, as reflected in BP-9, I do have a right to access Guam law. The Supreme Court has interpreted the US Const. as establishing a prisoners right to access the court via law materials. Bounds v. Smith, 430 US 817 (1977); Lewis v. Casey, 518 US 343 (1996). Pursuant to 18 USC §3244(1) Guam law has exclusive jurisdiction over any proceedings I may initiate to challenge my Guam conv. or sentence. Therefore, I must have access to Guam law to access the courts in order to challenge my Guam sentence and parole matters.

Also, the Warden's response does not adress my other concerns related to Guam and my parole matters which are the reason I filed the BP-8 to start with. If the USA can not accomidate me as a Guam transferee then I should be sent back to Guam.

At this time I have been, and continue to be, denied reasonable access to Guam Courts based on BOP and USPA's failure to contain Guam law and GUam officials addresses in the USPA law library.

__9/6/03__
DATE

/s/ _Frankie T. Camacho_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL

SUBJECT:

Regional Administrative Remedy Appeal No: 308056-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted
September 10, 2003. You allege you are being denied reasonable access to courts in
the territory of Guam because the law library at the United States Penitentiary, Atlanta,
Georgia, does not provide territory of Guam law. As relief, you request access to
territory of Guam law.

Program Statement 1315.07, <u>Legal Activities, Inmate</u>, states, "Each Warden must
establish a main law library containing the materials listed in the Required Main Law
Library Materials (Attachment A), unless out of print." The territory of Guam law
materials you requested are not required to be maintained in any Federal Bureau of
Prisons' law library. However, this does not preclude you from soliciting or purchasing
such materials from sources in accordance with Bureau policy and procedure.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with
this response, you may appeal to the Office of General Counsel, Bureau of Prisons,
320 First Street, N.W., Washington D.C. 20534. Your appeal must be received in the
General Counsel's Office within 30 calendar days of the date of this response.

_10/10/13_
Date

_____
Regional Director, SERO

E

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | FRankie T. Camacho | 80354011 | D-1 | USPA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

Inmate Recv'd response to BP-10 on 10/30/03 without any copies of BP-9 or previously submitted documents. (See attachment 4 copies)

The Regions response is unresponsive to Inmate's specific complaints as setforth in P-9 and BP-10. Contrary to the Regions position, Inmate does have a right to access the law of Guam. Bounds v. Smith, 430 US 817 (1977). Federal law states that Guam has exclusive jurisdiction over Guam prisoners challenges to conviction and sentence. 18 USC §3244(1). Therefore, this Inmate (a Guam prisoner) must have access to Guam law to access Guam Courts. Regardless of any BOP Policy that purports to allow BOP officials from providing Inmate access to necessary law books to access Guam Courts, the Supreme Court holds that this Inmate has a Constitutional Right to access Guam law. Therefore, the BOP PS 1315.07 which does not provide Guam law at USPA is patently unconstitutional.

Furthermore, the Regions Response fails to address Inmate's complaints regarding transfer back to Guam and being deprived proper parole review and information.

| DATE | November 1, 2003 | s. _Frankie T. Camacho_ |
|---|---|---|
| | | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

**Administrative Remedy No. 308056-A1**
**Part B-Response**


This is in response to your Central Office Administrative Remedy in which you request access to Guam Territory law materials in the Law Library. In addition, you request a transfer back to Guam and to be provided with proper parole review information.

Our review reveals that the Warden and Regional Director have adequately responded to the issues you raised. Program Statement 1315.07, *Legal Activities*, states the Bureau is not mandated to provide state case law and other state legal materials. As noted in your response from the Regional Director, law materials you requested from the Territory of Guam are not required to be maintained in the Bureau Of Prisons' Law Library. This however, does not preclude you from soliciting or purchasing such materials from sources in accordance with Bureau policy and procedures.

You were informed in your Administrative Remedy Informal Resolution Form that the Territory of Guam will have to request the Bureau Of Prisons to send you back. In addition, you were informed you could write to Territory of Guam officials and make this request. Accordingly, your appeal is denied.


January 6, 2004
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

G

Page 2
People vs. FRANKIE T. CAMACHO
Judgment - Cr. 31F-84

is hereby sentenced to serve ten (10) years in the Guam Penite-

IN THE SUPERIOR COURT OF GUAM

TERRITORY OF GUAM

PEOPLE OF THE TERRITORY OF GUAM )        S.C. CRIMINAL CASE NO. __31F-84__
                                  )
        vs.                       )      CHARGE(S):  GUAM
                                  )      1. ROBBERY IN THE 2ND DEGREE
FRANKIE T. CAMACHO,               )      2. POSSESSION AND USE OF A DEADLY WE
                                  )         PON DURING THE COMMISSION OF FEL(
        Defendant.                )      3. ASSAULT
                                  )      4. BURGLARY
                                  )      5. THEFT BY UNLAWFUL TAKING

## J U D G M E N T

On this 22nd day of   January   , 1985   came the attorney

for the government and the defendant appeared with Frederick Horecky,

his attorney,      xxxxxxxxxx and the defendant having moved to

change  his  plea of not guilty to that of guilty of the charges of

ROBBERY IN THE SECOND DEGREE, third charge, first count and guilty of
POSSESSION AND USE OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY,
third charge, second count.  The government moved to dismiss the remainir
counts in the indictment.
     The court informed the defendant of the effect of the plea

entered and asked  him   whether  he   insists on his  plea or not.

    The defendant persisted on  his  plea of guilty of the offense

of ROBBERY IN THE SECOND DEGREE and POSSESSION AND USE OF A DEADLY WEAP(

DURING THE COMMISSION OF A FELONY.

    The court then addressed the defendant personally and found

that the plea is made voluntarily with an understanding of the

nature of the charge and consequences of his  plea.  The court

further found to is satisfaction that there is a factual basis

for the plea.

    The court accepts defendant's plea of guilty and based on

his  plea, judgment will be entered.  Sentencing was set for
February 20, 1985.
    WHEREFORE, IT IS HEREBY ORDERED that for the offense of

ROBBERY IN THE SECOND DEGREE, third charge, first count, the defendant

APR-26-2004 MON 11:17 AM                    FAX NO.                        P. 02

Sent By: HP LaserJet 3100;                    404 331 2828;            Apr-1__4 10:49;            Page 3/6.

Page 2
People vs. FRANKIE T. CAMACHO
Judgment - Cr. 31Γ-84

is hereby sentenced to serve ten (10) years in the Guam Peniten-
tiary.  For the offense of POSSESSION AND USE OF A DEADLY WEAPON
DURING THE COMMISSION OF A FELONY, third charge, second count, he
is sentenced to serve twenty (20) years -- both sentences are to
be served consecutively.  The defendant shall not be eligible for
parole, probation or work release until he shall have served at
least five years in prison.  The sentence shall include a special
parole term of not less than three (3) years in addition to the
term of imprisonment.  The remaining counts in the indictment are
hereby dismissed.

          Pretrial confinement is hereby credited.

          SO ORDERED.

          Dated this 20th day of February, 1985.




                         PAUL J. ABBATE, Presiding Judge
                         Superior Court of Guam


                              I do hereby certify that the foregoing
                              is a full true and correct copy of the
                              original on file in the office of the
                              clerk of the Superior Court of Guam

                              Dated at Agana, Guam
                              FEB 20 1985

                              Clerk, Superior Court of Guam

REGNO..: 80354-011 NAME: CAMACHO, FRANKIE T


-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-06-2000 AT LOM MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 02-21-1985
TOTAL TERM IN EFFECT............:    30 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    30 YEARS

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     08-08-1983    12-22-1983
                                     05-02-1984    07-04-1984
                                     08-09-1984    02-20-1985

TOTAL JAIL CREDIT TIME..........: 397
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 01-20-2004
STATUTORY RELEASE DATE..........: 01-20-2014
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: UNKNOWN
EXPIRATION FULL TERM DATE.......: 01-20-2014

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

PROJECTED SATISFACTION DATE.....: 01-20-2014
PROJECTED SATISFACTION METHOD...: STATE PRIS
```

REMARKS.......: COMPUTATION DATA SUPPLIED BY THE GUAM DEPT OF CORRECTIONS.
               THE DEFENDANT SHALL NOT BE ELIGIBLE FOR PAROLE, PROBATION
               OR WORK RELEASE UNTIL HE  SHALL HAVE SERVED AT LEASE 5 YEARS
               IN PRISON.




G0000        TRANSACTION SUCCESSFULLY COMPLETED

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 1 5 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FRANKIE T. CAMACHO,
    Petitioner,

    v.

JOHN D. ASHCROFT; Attorney
General; HARLEY G. LAPPIN;
Director of the Federal
Bureau of Prisons; RON
WILEY; Warden,
    Respondents.

:   HABEAS CORPUS
:   28 U.S.C. § 2241
:
:   CIVIL ACTION NO.
:   1:04-CV-521-CC
:
:
:
:
:
:

### ORDER

Petitioner Frankie T. Camacho, an inmate from the Territory of Guam who is serving his sentence at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the constitutionality of the execution of his sentence.[1] The matter is currently before the Court on the

---

[1] Respondent appears to argue that Petitioner cannot bring this action under 28 U.S.C. § 2241 because he has not demonstrated that the remedy under 28 U.S.C. § 2255 is ineffective. See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Petitioner's claim that he has been denied parole eligibility does not challenge the validity of his sentence but the execution thereof. Accordingly, contrary to Respondent's argument, the instant habeas petition is properly brought under 28 U.S.C. § 2241. See Davis v. Fechel, 150 F.3d 486, 487-88 (5th Cir. 1998) (holding habeas petition challenging parole eligibility date attacks the execution of a sentence and is properly brought pursuant to § 2241); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.").

instructing the United States authorities to transfer him back to Guam and an order directing the Guam authorities to provide him with a parole eligibility hearing.

## II.    Discussion

To the extent Petitioner contends that his transfer to a United States prison was unlawful, Guam Statute, Title 9, Section 90.45 provides for such transfers.    That statute specifically authorizes the Director of the GDC to enter into a contract with the United States Attorney General for the custody and care of a prisoner convicted of criminal offenses in Guam courts.   Gu. St. T. 9, § 90.45.   Because the Director of the GDC was authorized by § 90.45 to transfer Petitioner to the United States, his transfer pursuant to that statute was not unlawful.

In the instant case, the Attorney General acts solely as an agent for the Director of the GDC and the responsibility for Petitioner remains with the Territory of Guam.   See Callwood v. Enos, 230 F.3d 627, 631 (3d Cir. 2000) (stating that where a prisoner was convicted of violating Virgin Islands territorial law, the Virgin Islands remains responsible for the execution of the prisoner's sentence even if he is housed in federal prison); Benjamin v. Potter, 635 F. Supp. 243, 244-45 (D.V.I. 1986) (holding that where the Virgin Islands transfers a prisoner convicted of a territorial crime to federal prison in the United

3

States, the Virgin Islands, rather than the United States, remains responsible for maintenance of the prisoner), aff'd, 838 F.2d 1205 (3d Cir. 1988); compare Moore v. Quinlan, No. 90-3424-R, 1990 WL 186794 at *2 (D. Kan. Oct. 23, 1990) (holding that a state prison authority remains responsible for the maintenance of its prisoners after they have been sent to a federal facility); see also United States Parole Comm'n Rules & Procedures Manual, § 2.2-01 (Aug. 2003) (stating that prisoners sentenced for territorial offenses come under the jurisdiction of territorial parole authorities and not the United States Parole Commission, even if the prisoners are confined in the United States). Thus, in the instant case, although Petitioner is incarcerated in a United States federal prison, the Territory of Guam remains responsible for any determinations regarding his incarceration or parole. ◀

As such, the Director of the GDC is the proper Respondent for Petitioner's § 2241 petition, and the named United States respondents have no authority to provide Petitioner with the relief he seeks. See Callwood, 230 F.3d at 633 n.6 (holding that the Director of the Virgin Islands Bureau of Corrections is the constructive custodian and the proper party respondent of federal prisoners convicted of Virgin Islands territorial crimes that challenge the execution of their sentence under § 2241).

4

AO 72A
(Rev.8/82)

Moreover, this Court does not have jurisdiction over the Director of the GDC or over Petitioner's claims. Rather, any such jurisdiction lies either with the Guam Superior Court or the District Court of Guam. See Callwood, 230 F.2d at 631-34 (stating that although prisoner convicted of a Virgin Islands crime was housed in a federal prison, the District Court of the Virgin Islands has jurisdiction over habeas petition challenging the execution of his sentence). Accordingly, this action should be dismissed.

III. Conclusion

Based on the foregoing, **IT IS ORDERED** that Petitioner's petition for habeas corpus relief [Doc. 1] be **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for an Enlargement of Time [Doc. 3] is **GRANTED** nunc pro tunc. The responsive pleadings filed April 26, 2004 [Doc. 4], are accepted as filed.

**IT IS SO ORDERED**, this 15th day of July, 2004.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)