**FILED**
DISTRICT COURT OF GUAM
SEP 27 2005
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| FRANKIE T. CAMACHO,<br><br>Petitioner,<br><br>vs.<br><br>GUAM TERRITORY, et. al.<br><br>Respondents. | Civil Case No. 05-00009<br><br>**ORDER** |

Petitioner Frankie T. Camacho ("Camacho"), a prisoner of the Territory of Guam, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. After careful review of the pleadings, the Court hereby DISMISSES the petition.

***Camacho's petition is more properly brought under 28 U.S.C. § 2254.*** At first glance, it appears that a prisoner may challenge the constitutionality of his or her confinement under both § 2241 and § 2254. 28 U.S.C. §§ 2241(c)(3), 2254(a) (1994). A proper understanding of the interaction between the two sections, however, leads to the conclusion that they apply in different situations. *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir.2004). When a prisoner is in custody pursuant to a state court judgment, § 2254 is properly seen as a limitation on the more general grant of habeas authority in § 2241. *Id.* at 1008; *see also Felker v. Turpin,* 518 U.S. 651, 662, 116 S.Ct. 2333 (1996) ("authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.' ").

**ORIGINAL**

In light of the Ninth Circuit's position, this Court finds that § 2254 is the proper vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction. *White*, 370 F.3d at 1007, 1008, 1009-10 (citing approvingly *Cook v. New York State Div. Of Parole*, 321 F.3d 274, 278 (2d Cir.2003) (rejecting petitioner's contention that § 2241 was applicable because "his custody is 'pursuant to' an order of the parole board rather than a state court"). Consequently, all of the statutory requirements of § 2254 apply to the present case, no matter what statutory label the prisoner has assigned to his petition. *Id.* at 1007 (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000).

***Camacho's claims have not been exhausted.*** A petitioner who is in state custody and wishes the district court to grant a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir.1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir.1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887 (1995) (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." *Duncan*, 513 U.S. at 366, 115 S.Ct. at 888.

On the form petition, Camacho indicates that he filed an appeal to the Guam Superior Court (Case No. SP 218-03) and has not yet received a response. There is no indication as to whether the issues he raises here have been raised in the Guam Superior Court. Accordingly, the Court finds that Camacho's claims contained withing his petition are unexhausted and must be DISMISSED.

**IT IS SO ORDERED** this 27 day of September, 2005.

_____
Lloyd D. George*
United States District Judge

---

* The Honorable Lloyd D. George, United States Senior District Judge for Nevada, by designation.